UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   CIVIL ACTION NO.
ANTHONY ROMEAL EWERS AND
DAVID "DOE"                                                          **COMPLAINT**

       Plaintiffs,

  -against-                                                **CV 15-5805**
            **JURY DEMAND**
THE CITY OF NEW YORK,
POLICE OFFICER BRODERICK, SHIELD # 27575,
and JOHN DOES # 1-3,                                                 **BLOCK, J.**

       Defendants.
                 **MANN, M.**
-----------------------------------------------------------------X

  Plaintiff Anthony Ewers and David "Doe", by their Attorneys, OFODILE & ASSOCIATES. P.C., complaining of the Defendants, THE CITY OF NEW YORK, POLICE OFFICER BRODERICK, SHIELD # 27575, and Police Officers John Does #'s. 1-2, alleges as follows:

### JURISDICTION AND VENUE

  1.  This is an action at law to redress false arrest and false imprisonment against Plaintiff in violation of the Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This is also an action to redress the pain and suffering and psychological injuries sustained by Plaintiffs as a result of the intentional, malicious and reckless acts of the City of New York, and some of its Police Officers.

  2.  Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under

1

color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

3. Venue is proper in the Eastern District of New York because the events complained of occurred in the County of Kings, which is within the Eastern District of New York.

## PARTIES

4. At all times relevant and material to the facts of this case, Plaintiffs Anthony Ewers and David "Doe" resided in Brooklyn, New York, within the jurisdiction of this Court.

5. At all times relevant and material to this case, Defendant City of New York was and still is a municipal corporation incorporated under the laws of the State of New York and was the employer of the individual Defendants and is liable under the common law agency and/or respondent superior rule for the actions of the individual Defendants complained herein.

6. At all times relevant and material to this case, Defendants Police Officer Broderick, Shield # 27575, and John Does 1-3, were employees of the City of New York, employed in its Police Department.

## FACTUAL ALLEGATIONS

7 On October 9, 2012, at approximately 1:00p.m., Plaintiff Anthony Ewers was in his car on Dean Street near Ralph Avenue in Brooklyn waiting for his girlfriend and her friend as they cooked lunch in her apartment. Plaintiff Ewers did not want to wait in the house with them while they cooked.

8. Plaintiff was in the driver's side seat when David, Plaintiff's friend approached and tapped on the driver's side window as he thought that Plaintiff was sleeping and said that he had not seen Plaintiff for a long time and shook Plaintiff's hand.

9. Four Police Officers came around and saw David removing his hand from Plaintiff's car. They grabbed David and started searching him. One of them then said "let's see what you got from the car." David kept on saying "nothing, nothing." The Officers searched David and found nothing except a 1 ½ plucker that plumbers use to clean their nails. One of the Officers even said to the Officer arresting Plaintiff and David: "he uses the knife to clean his nails, why are you taking him in for such small knife."

10. The Officers asked Plaintiff Ewers to come out of the car. As soon as Mr Ewers came out of his car, the Officers handcuffed him. They searched Mr Ewers, took off his shoes, his socks, his hat, turned out his pockets and they searched him over and over again and did the same to David without finding any contraband.

11. The Officers searched the car for more than four hours without Plaintiff Ewers' consent and got other officers and a K-9 unit who also spent hours searching. They found nothing.

12. Plaintiff Anthony Ewers, then a 65 year old man, felt so humiliated to be subjected to such a public spectacle, over such prolonged period of time in a neighborhood where he was known, especially in light of the fact that he had ever been arrested before.

13. Defendant Officers told Plaintiffs that they would be going to jail for the night while cursing them and using foul language against them.

3

14. When the Officers saw a brief case in Plaintiff Ewers' car, they jumped as if they found drugs.

15. Because the brief case was locked, they broke it and in the process damaged some of the contents. It contained CDs –music that Plaintiff Ewers listened to and they damaged many of the CDS.

16. Plaintiff Ewers was not allowed to use the bathroom and had to hold it for too long.

17. Plaintiffs were let out following evening. Plaintiff Ewers cried still cries whenever he relieves experience.

18. Plaintiffs were racially profiled, searched and arrested because of their race and in violation of their rights to equal protection of the laws.

19. A handshake between friends is an innocent and innocuous event that happens thousands of times everyday in the City of New York without the police taking any action when it happens between or among White residents of the City of New York. However, when such an innocent interaction took place between two Black men, Defendants assumed that must have been a drug transaction because the individuals involved are Black.

20. Defendants assumed without any iota of evidence that two senior citizen Blacks/African Americans were involved in a drug transaction based solely on their race when the circumstances suggested otherwise. Apart from their ages and the fact that Plaintiff Ewers had no prior arrest record, although the initial searches proved that they had no drugs, because they were already presumed guilty just because of their race, the lack of criminal history, their

ages and other indices which would have easily satisfied open minded and non-biased police officers were not considered by Defendants.

21. Even after exhaustive searches proved that they had no drugs, Defendants still decided that Plaintiffs had to be arrested and put through the system based on their race because to them, arresting and putting Black males through the system, even when they have committed no crimes was a normal part of doing business and carried no official retribution because the mistreatment of Black male population did not carry any consequences with Defendants' superiors.

22. As a result of the violations of Plaintiffs constitutional rights alleged herein, Plaintiffs sustained bodily injuries, suffered physical pain, and suffered from serious mental and emotional injuries and continues to suffer mentally and emotionally.

23. The actions of the individual officers were callous, wanton, premeditated, done intentionally and knowingly to deprive Plaintiffs of their constitutional and civil rights and Plaintiffs are entitled to substantial punitive damages against each individual Defendant.

## FIRST CAUSE OF ACTION

24. Plaintiffs repeats and reallege paragraphs 1 through 23 as if each paragraph is repeated verbatim herein.

25. Plaintiffs Anthony Ewers and David Doe were arrested by the individual defendants without probable cause to believe that he had committed a crime in violation of their Fourth and Fourteenth Amendment rights not to be arrested without probable cause and defendants are liable to Plaintiff in damages pursuant to 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION

26. Plaintiff s repeats and reallege paragraphs 1 through 25 as if each paragraph is repeated verbatim herein.

27. Plaintiffs Anthony Ewers and David Doe were denied equal protection of the laws when they were arrested and put through the system even after exhaustive searches and humiliation in the street showed no evidence of a crime and when the officers did not observe them commit any crime because of their race in violation of the Civil Rights Act of 1866 as amended, 42 U.S.C section 1981 and section 1985.

### THIRD CAUSE OF ACTION

28. Plaintiffs repeats and reallege paragraphs 1 through 27 as if each paragraph is repeated verbatim herein.

29. Plaintiffs Anthony Ewers and David Doe were subjected to malicious prosecution by the individual defendants without probable cause to believe that he had committed a crime in violation of their Fourth and Fourteenth Amendment rights not to be arrested without probable cause and defendants are liable to Plaintiff in damages pursuant to 42 U.S.C. §1983.

### FOURTH CAUSE OF ACTION

30. Plaintiffs repeats and reallege paragraphs 1 through 29 as if each paragraph is repeated verbatim herein.

31. At all times relevant and material to this case, Defendant City of New York was and still is the employer of the individual Defendants in this case and the Defendants and its failure to properly train, supervise and discipline its police officers, as well as its official policy

of stop and frisk and meeting arrest quotas were the reasons why Plaintiffs were stopped, searched, questioned and arrested even when there was no evidence of any crimes they committed and the City of New York is liable under Monell for the actions of its police officers which occurred as a result of its official policies that encouraged police to make frivolous arrests.

**WHEREFORE**, Plaintiff prays for judgment awarding him:

1. As against the individual Defendants for violation of their federal constitutional and civil rights, jointly and severally:

    i. general and compensatory damages in an amount that would adequately compensate him for the violation of their rights and for his emotional and mental distress, against all Defendants, jointly and severally;

    ii. lost earnings and lost opportunities to earn income for Plaintiff in an amount to be proved at trial and in accordance with proof;

    iii. punitive damages in amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

    iv. attorneys' fees and the costs and disbursements of this action – against all Defendants, jointly and severally; and

    v. such other relief as the Court deems just and proper.

2. As against the individual Defendants and the City of New York for violation of Plaintiff's constitutional rights:

    i. general and compensatory damages in an amount that would adequately

compensate Plaintiff for the violation of his rights and for his emotional and mental distress, against all Defendants, jointly and severally;

    ii.    lost earnings and lost opportunities to earn income for Plaintiff in amount to be proved at trial and in accordance with proof, against all Defendants, jointly and severally;

    iii.    punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

    iv.    the costs and disbursements of this action – against all Defendants, jointly and severally; and

    v.    such other relief as the Court deems just and proper.

Dated: Brooklyn, N.Y.
       October 8, 2015

                              OFODILE & ASSOCIATES, P.C.
                              *Attorneys for Plaintiff Anthony Ewers*

By: _____
       Anthony C. Ofodile, Esq.
       498 Atlantic Avenue
       Brooklyn, New York 11217
       Tel. No.: (718) 852-8300